

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| JIM DWIGHT SHIELDS, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | 2:04-CV-0153 |
| | § | |
| NATHANIEL QUARTERMAN, Director, | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| | § | |
| Respondent. | § | |

## REPORT AND RECOMMENDATION TO DENY PETITION FOR
## A WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY

Petitioner JIM DWIGHT SHIELDS, through counsel, has filed a Petition for a Writ of Habeas Corpus by a Person in State Custody challenging his November 7, 2001 conviction for indecency with a child. Petitioner SHIELDS alleges he was denied the effective assistance of counsel as to his plea decision.

> One of the most important duties of an attorney representing a criminal defendant is advising the defendant about whether he should plead guilty. An attorney fulfills this obligation by informing the defendant about the relevant circumstances and the likely consequences of a plea.

*United States v. Herrera*, 412 F.3d 577, 580 (5th Cir. 2005)(internal footnotes omitted). In this case, the state court determined petitioner SHIELDS was not provided with effective representation by his trial counsel. Notwithstanding this finding of a denial of the effective assistance of counsel, petitioner was not granted relief because he did not show he had been prejudiced by the denial. After review of the pleadings on file as well as the arguments presented by counsel in open court,

it is the determination of the undersigned that petitioner has not shown himself to have been prejudiced, nor has he shown the state court denial of relief to be unreasonable. Therefore, petitioner is not entitled to federal habeas corpus relief.

I.
## PROCEDURAL HISTORY

Respondent NATHANIEL QUARTERMAN has lawful and valid custody of SHIELDS pursuant to a judgment and sentence out of the 251st District Court of Potter County, Texas, in Cause No. 41,865-C, for the felony offense of indecency with a child.[1] Prior to trial, the State offered petitioner SHIELDS a plea bargain for 10 years' deferred-adjudication probation in exchange for a guilty plea.[2] SHIELDS rejected the plea offer. (Supp. Tr. on Habeas Corpus at 42.43, 176-77.) After pleading not guilty and going to trial, a jury found him guilty and assessed his punishment at 15 years confinement. (State Habeas R. at 1180.) The Seventh District Court of Appeals affirmed the trial court's judgment. SHIELDS did not file a petition for discretionary review with the Texas Court of Criminal Appeals. *Shields v. State*, No. 7-01-468-CR, 2002 WL 31306534 (Tex. App.—Amarillo Oct. 15, 2002, no pet.) (not designated for publication).

SHIELDS filed a state application for habeas corpus relief, arguing his not-guilty plea was involuntary because of trial counsel's ineffectiveness. (State Habeas R. at 9.) The trial court held an evidentiary hearing and entered findings of fact and conclusions of law. Even though the trial court found trial counsel's performance deficient, petitioner was not granted relief. The trial court

---

[1] SHIELDS was charged with intentionally and knowingly engaging in sexual contact with his daughter, who was younger than 17, by touching her breast with the intent to arouse and gratify his sexual desire. (State Habeas R. at 94.) TEX. PENAL CODE ANN. §§ 21.01(2), 21.11(a)(1) (Vernon 2003).

[2] The actual offer was for petitioner to plead guilty in three separate cases in exchange for a deferred adjudication sentence of ten years probation on all three cases.

found petitioner had not been prejudiced as a result of the ineffective assistance of trial counsel.

Specifically, the state habeas court found:

> In the case at bar, the first prong of the *Strickland* test has been met because trial counsel's performance was deficient, in that counsel made such serious errors that he was not functioning effectively as counsel. Specifically, trial counsel: (a) refused to read and review documents, pleadings, depositions, notes and other papers relevant to [SHIELDS'] case that were made available to him by [SHIELDS'] parents; (b) failed to independently investigate the circumstances surrounding [SHIELDS' daughter's] prior allegations of sexual abuse involving [SHIELDS]; (c) failed to independently investigate the circumstances surrounding the extraneous offenses involving third-party minors which might be deemed relevant and material to [SHIELDS'] case; (d) failed to inform [SHIELDS] that trial counsel had refused to read and review documents, pleadings, depositions, notes and other papers relevant to [SHIELDS'] case that were made available to him by [SHIELDS'] parents; (e) failed to provide [SHIELDS] with trial counsel's independent professional judgment regarding the merits of the State's case, the benefits and disadvantages of either proceeding to trial or accepting the plea bargain offered by the prosecution prior to trial; (f) failed to file a timely request for notice of the State's intent to introduce in the case in chief evidence of extraneous offenses pursuant to Section 3 of Article 38.37 of the Texas Code of Criminal Procedure.
>
> . . . . In the case at bar, the second prong of the *Strickland* test has not been met because the deficient performance by [SHIELDS'] trial counsel, set forth hereinabove, did not prejudice the defense to such a degree that [SHIELDS] was deprived of a fair trial. Specifically, [SHIELDS] has failed [to] show there is a reasonable probability that, but for counsel's errors, [SHIELDS] would not have entered his plea of "not guilty" and would have insisted on entering a plea of "guilty". To the contrary, the evidence establishes that [SHIELDS], with full personal knowledge of the true facts, at all times prior to, during and after trial persisted in his claim of not only "not guilty", but actual innocence. It is not, therefore, reasonable to believe that [SHIELDS] would have changed his plea if trial counsel had [not been deficient in the manner listed above].

(State Habeas R. at 89-90.) The Texas Court of Criminal Appeals denied SHIELDS' application without written order on the findings of the trial court. *Ex parte Shields*, No. 57,334-01 (Tex. Crim. App. Mar. 3, 2004) (not designated for publication).

## II.
## PETITIONER'S ALLEGATION

SHIELDS' sole ground for relief in this case is that, as a result of trial counsel's deficient performance, his not-guilty plea was not knowingly or intelligently made, rendering his plea involuntary.

## III.
## STANDARD OF REVIEW

Under 28 U.S.C. § 2254(d), a writ of habeas corpus on behalf of a person in custody under a state court judgment shall not be granted with respect to any claim that was adjudicated on the merits in state court proceedings unless he shows that the prior adjudication: (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court. 28 U.S.C. § 2254(d). A decision is contrary to clearly established federal law if the state court arrives at a conclusion opposite to that reached by the United States Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000); *see also Hill v. Johnson*, 210 F.3d 481, 485 (5th Cir. 2000), *cert. denied*, 532 U.S. 1039 (2001). A state court decision will be an unreasonable application of clearly established precedent if it correctly identifies the applicable rule but applies it objectively unreasonably to the facts of the case. *Williams*, 529 U.S. at 407-08; *see also Neal v. Puckett*, 286 F.3d 230, 236, 244-46 (5th Cir. 2002) (en banc per curiam), *cert. denied*, 537 U.S. 1104 (2003).

Section 2254(e)(1) provides that a determination of a factual issue made by a state court shall be presumed to be correct. The applicant has the burden of rebutting this presumption of correctness

by clear and convincing evidence. *Hill*, 210 F.3d at 485. When the Texas Court of Criminal Appeals denies relief in a state habeas corpus application without written order, it is an adjudication on the merits, which is entitled to this presumption. *Ex parte Torres*, 943 S.W.2d 469, 472 (Tex. Crim. App. 1997).

## IV.
## INVOLUNTARY PLEA AND COUNSEL'S INEFFECTIVENESS

The Sixth Amendment guarantees a defendant the right to the effective assistance of counsel. U.S. CONST. amend. VI. A claim of ineffective assistance of counsel is measured under a two-pronged standard by which a petitioner must show (1) that counsel's performance was deficient in that the errors made were so serious that counsel was not functioning as the counsel guaranteed by the Sixth Amendment and (2) prejudice by demonstrating that there is a reasonable probability that, but for counsel's deficient performance, the result of the proceeding would have been different. *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). At oral argument the parties agreed there is no United States Supreme Court authority addressing a claim such as the one presented here, *i.e.*, a case where a defendant pled not guilty, and asserts a claim of ineffective assistance relating to the plea decision. While *Hill v. Lockhart*, 474 U.S. 52, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985) does address ineffective assistance of counsel claims arising during the plea process, that case concerned a claim that a plea of guilty was involuntary as a result of ineffective assistance of counsel, rather than a plea of not guilty.

The issues now before this Court are:

1) What constitutes prejudice in a case where the claim of ineffective assistance of counsel relates to the decision to plead not guilty?

2) Has petitioner shown he was prejudiced by the ineffectiveness of his trial counsel?

3) If petitioner has shown this Court he was prejudiced, can he show the state court decision denying relief was unreasonable, and overcome the AEDPA bar to federal relief?

Petitioner's contention is that he was prejudiced as a result of the ineffective assistance of counsel during his state criminal proceedings because his plea of not guilty was not knowingly entered. Specifically, petitioner argues he was prejudiced by counsel's ineffectiveness because he was not able to make an intelligent and informed decision whether to plead guilty or not guilty. Petitioner contends no further showing is necessary.

Respondent argues petitioner must show that "but for" the ineffective assistance of counsel there is a reasonable probability the result of the proceeding would have been different. Respondent contends petitioner must show that "but for" counsel's ineffectiveness, there is reasonable probability he would have entered a plea of guilty and accepted the plea bargain instead of pleading not guilty and going to trial.

Respondent further contends, that in any event, the application of the "but for" test by the state habeas court and the determination on state habeas review, that petitioner was not prejudiced because he had not shown there was a reasonable probability he would have abandoned his claim of innocence and entered a plea of guilty, has not been shown to have been an unreasonable determination barring federal relief under the AEDPA.

As set forth above, there is no Supreme Court authority addressing the particular type claims petitioner presents in this case. Further, there appears to be very little other federal authority addressing this particular type claim. There are, however, a number of federal courts who have addressed similar claims.

In *United States v. Day*, 969 F.2d 39 (3rd Circ. 1992), the court addressed a claim of

ineffective assistance of counsel regarding a defendant's decision not to accept a plea offer. Although the court remanded the case to the district court for further factual development, the appeals court held the defendant's motion to vacate raised a ground of relief based upon the ineffective assistance of counsel due to counsel's failure to advise the defendant of the impact of prior convictions on his potential sentence, depriving him of the effective assistance of counsel in deciding whether to accept a plea offer. The *Day* court cited *Strickland v. Washington*, *supra*, holding that in order for a defendant to gain relief he must not only show ineffective assistance, but must also show a reasonable probability that "but for" the ineffective assistance the result would have been different. The court noted defendant Day claimed if he had been told of his true sentence exposure, he would have accepted the government's plea bargain offer for a five year sentence rather than going to trial where he received an approximately twenty-two (22) year sentence. Even though the case was remanded for factual development regarding the specific advice petitioner received from his counsel, *Day*, at page 45, does appear to support the argument that in a case involving ineffective assistance of counsel in this type situation, the one issue which must be resolved is whether the defendant alleged sufficient prejudice, that is, **whether Day showed he would have accepted the alleged plea offer and whether the district court would have approved it** (emphasis supplied). The *Day* court also held it was not reaching the issue of whether a defendant's self-serving, post-conviction testimony that he would accept the plea offer would be sufficient, by itself, to establish a reasonable probability that he would have accepted the plea agreement. The court noted that a defendant did not have to prove with absolute certainty he would have pleaded guilty, but would only have to show a "reasonable probability" such would have occurred.

In *United States v. Faubion*, 19 F.3d 226 (5th Cir. 1994), the court held, with respect to an

allegation of ineffective assistance of counsel due to counsel advising the defendant to go to trial rather than pleading guilty, that no relief would be warranted since the defendant had failed to show harm. Specifically, the court noted the defendant had failed to show she would have received a guideline adjustment for acceptance of responsibility and, consequently, the defendant could not show that, but for counsel's errors, the result of the proceeding would have been different.

In *United States v. Herrera*, 412 F.3d 557 (5th Cir. 2005), the court held, for a defendant to obtain relief in a case involving a claim of ineffective assistance of counsel due to an allegation counsel was ineffective because he incorrectly advised him to reject the government's plea offer, he must not only establish ineffective assistance of counsel, but must also prove he was prejudiced by his attorney's substandard performance. The *Herrera* court held that to prove prejudice the defendant must show a reasonable probability the result of the proceeding would have been different.

## Prejudice

Addressing first the question of whether petitioner SHIELDS has shown the ineffective assistance of counsel prejudiced him to the extent he is entitled to relief, the Court notes that, generally speaking, any criminal defendant not provided with effective assistance of counsel is prejudiced at least to the degree that they did not receive the representation guaranteed them by the Sixth Amendment to the United States Constitution. That type prejudice, however, is simply the prejudice inherently suffered by both the defendant and the judicial system when the system does not operate as it should. The justice system in the United States is based upon the theory our adversarial system will achieve justice when both parties to a lawsuit, whether criminal or civil, are effectively represented. That being said, when a party is not effectively represented by counsel,

courts have been reluctant to find prejudice *per se*. Unless ineffective assistance of counsel occurs in one of those few situations where prejudice is presumed, such as a complete denial of counsel, or failure of counsel to appeal when instructed to do so by his client, specific prejudice must be shown. The facts of this case do not appear to be one of those situations where prejudice is established *per se* and, therefore, is presumed. Petitioner has not provided any authority, much less Supreme Court authority, holding ineffective assistance of counsel was determined to be *per se* prejudicial in a case where a defendant's not guilty plea was not intelligently or knowingly entered. Consequently, it is the opinion and finding of the undersigned that a habeas petitioner seeking relief as a result of the ineffective assistance of counsel in failing to properly advise his client as to the benefits of accepting a plea bargain offer must show more than the fact that counsel was ineffective. Such a petitioner, to establish prejudice, must show there is a reasonable probability the result of the proceeding would have been different, that is, petitioner must show there is a reasonable probability he would have abandoned his not guilty plea and entered a plea of guilty to the charges. In this case, petitioner SHIELDS has failed to show such a reasonable probability. Petitioner, during the state habeas proceedings, testified he would have liked to have been fully informed by counsel before making a decision and would have wanted to make an informed decision. Petitioner gave no indication he would have admitted guilt and accepted the plea bargain much less showing a "reasonable probability" he would have entered a plea of guilty in order to receive the ten-year deferred adjudication probation.

Further, even if the analysis outlined above is wrong and even if petitioner SHIELDS is correct in his contention that the ineffective assistance of counsel deprived him of the right to make an informed decision whether to plead guilty or not guilty and such deprivation constitutes a

prejudice without a further showing of a reasonable probability that he would have in fact pleaded guilty and accepted the plea bargain being required, SHIELDS' claim was reviewed and rejected during state habeas collateral review proceedings. Thus, federal habeas court relief cannot be granted unless the state court's rejection of the claim involved an unreasonable application of clearly established federal law or involved an unreasonable determination of the facts in light of the evidence presented in state court. 28 U.S.C. § 2254(d).

As previously noted, the state habeas court held a hearing on SHIELDS' claim and concluded that because SHIELDS consistently maintained his innocence of the offense, he was not prejudiced by counsel's deficient performance in failing to adequately advise him regarding the benefits of accepting the plea-bargain offer. (Supp. Tr. on Habeas Corpus at 63-64; State Habeas R. at 89-90.) The Court of Criminal Appeals adopted these findings in denying SHIELDS' application. This rejection of SHIELDS' claim deserves the deference afforded state courts, which SHIELDS has not rebutted with clear and convincing evidence. 28 U.S.C. § 2254(d)(2), (e)(1); *Jackson v. Johnson*, 150 F.3d 520, 523-24 (5th Cir. 1998), *cert. denied*, 526 U.S. 1041 (1999); *Green v. Johnson*, 46 F. Supp. 2d 614, 616 (N.D. Tex. 1999).

In finding the state habeas court determination was not unreasonable, the undersigned has also considered some of the lower federal court holdings warning that relief on a claim that a not-guilty plea was involuntary is an attempt to take a chance on a not-guilty plea and a trial, but gain security on sentencing if convicted:

> [Petitioner's] claim is a quintessential example of attempting to have his cake and eat it too. A principal reason for entering into a plea bargain is to avoid the uncertain outcome of a trial.....Having already put the State to its burden of proof by pursuing an acquittal, [Petitioner] now seeks the best of all worlds: the benefit of the proffered plea bargain (a limit to his sentence exposure) without the burden of such a bargain (the certainty of being convicted)..... Human nature being what it is, if

> *habeas* relief were freely granted in such circumstances, no rational defendant would
>
> ever accept a plea bargain before trial. Instead, he would try to obtain an acquittal at trial and, if unsuccessful, retroactively seek—through *habeas* relief—the benefit of any plea bargain previously offered by the prosecution. Because of the "heads I win, tails you lose" quality of such a *habeas* claim, courts have been chary of granting relief in these circumstances.

*Green*, 46 F. Supp. 2d at 622-23 (citations and footnote omitted); *cf. Bradshaw v. Stumpf*, 545 U.S. 175, 125 S.Ct. 2398, 162 L.Ed.2d 143 (2005). As found by the state habeas courts, the fact that SHIELDS consistently maintained his innocence and produced no evidence to support a finding that there was a reasonable probability the result of the proceeding would have been different, *i.e.*, that he would have accepted the plea offer and pled guilty, is fatal to SHIELDS' claim. (State Habeas R. at 89.) Consequently, it cannot be said that the state habeas courts unreasonably applied clearly established federal law in holding that SHIELDS was not prejudiced by counsel's deficient performance. *See United States v. Day*, 969 F.2d 39, 46 n.9 ($3^d$ Cir. 1992) (holding courts should be wary of claims that not-guilty plea was involuntary because counsel failed to fully discuss pros and cons of offered plea bargain).

## V.
## RECOMMENDATION

It is the RECOMMENDATION of the United States Magistrate Judge to the United States District Judge that the Petition for a Writ of Habeas Corpus by a Person in State Custody filed by Petitioner JIM DWIGHT SHIELDS be DENIED.

## VI.
## INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of this Report and

Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED this 13th day of September 2007.

_____
CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE

# * <u>NOTICE OF RIGHT TO OBJECT</u> *

Any party may object to these proposed findings, conclusions and recommendation. In the event a party wishes to object, they are hereby NOTIFIED that the deadline for filing objections is eleven (11) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(B), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(D). Therefore, objections are due **on or before September 24, 2007.**

Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).